IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
04/23/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

VOLODYMYR KHUDYI,                  )
                                   )
                  Petitioner,      )
                                   )
        v.                         )        Case No. 26-3030-JWL
                                   )
C. CARTER, Warden, FCI-Leavenworth; )
TODD LYONS, Acting Director, ICE;  )
KRISTI NOEM, Secretary,            )
    Department of Homeland Security; and )
PAM BONDI, Attorney General,       )
                                   )
                  Respondents.     )
                                   )
_____ )

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **May 4, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

In 2022, petitioner, a native of Ukraine, was inspected and was paroled into the United States. On August 15, 2025, petitioner was taken into custody by immigration officials. In November 2025, an immigration judge denied petitioner's application for asylum and ordered his removal; that order is not yet final, however, as petitioner's appeal

of that order to the Board of Immigration Appeals (BIA) remains pending. Petitioner remains in custody in this judicial district. On February 17, 2026, petitioner filed the instant habeas action; on March 18, 2026, respondents filed an answer to the petition; and on April 15, 2026, petitioner filed a reply brief, making the matter ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.[1]

In a recent case involving the same issue, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming

---

[1] Petitioner also claims that his detention without consideration of release on bond violates due process. In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue.

2

majority of courts that have addressed the issue, and the Court ordered relief in the form of a bond hearing under Section 1226(a). *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court specifically adopted the reasoning of the dissenting judge in a case decided by the Fifth Circuit, summarizing its decision as follows:

> In summary, the Court agrees with the Fifth Circuit dissent that the text of Section 1225(b)(2)(A) imposes a separate requirement that the alien be "seeking admission" that is not satisfied in the case of an already-present alien by the mere fact that the alien is an "applicant for admission" as statutorily defined; and that such interpretation, consistent with the history and structure of the statutes, most reasonably reconciles the statutes and avoids unnecessary redundancies and superfluities. That interpretation is supported by the legislative history of the statutes, with its specific reference to preserving the historic distinction between arriving and present aliens with respect to detention; by the Supreme Court's seeming understanding of the statutes as expressed in the *Jennings* opinion; by the Government's contemporaneous understanding of the amended statutes and their practice consistent with that understanding over the following decades; and Congress's implicit endorsement of that understanding through its failure to clarify the law to the contrary in those decades.

*See id.* at *3 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508-21 (5th Cir. 2026) (Douglas, J., dissenting)). The Court agrees with petitioner that the relevant facts of the present case are not materially distinguishable from those in *Galdamez Orellana*. Thus, for the same reasons set forth in that opinion, *see id.* at *1-3, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

3

Respondents argue that the Court should not follow its prior opinion for two reasons. First, respondents argue that, even if this Court has rejected the interpretation (urged by the Government in cases involving the bond issue under Sections 1225(b)(2)(A) and 1226(a)) that an "applicant for admission" under Section 1225 is necessarily "seeking admission" for the purpose of Section 1225(b)(2)(A)'s mandatory detention provision, petitioner does satisfy a separate requirement that he be "seeking admission" because he is presently pursuing an application for asylum (the denial of which is presently on appeal to the BIA). The Court rejects such an interpretation of Section 1225(b)(2)(A).  In the reasoning adopted by this Court, as summarized above, the Fifth Circuit dissent interpreted that statute's "seeking admission" language to require actively seeking to enter the United States, meaning that the statute would not cover aliens already present in this country.  *See Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).  As previously noted by the Court, that interpretation accords with the text and structure and history of the statutes, the seeming understanding of the Supreme Court, and the Government's contemporaneous understanding of the statutes and its practice for many years following.  *See Galdamez Orellana*, 2026 WL 710121, *3.  Thus, because petitioner was not detained upon entry into the United States but was instead detained after residing in this country for a period of years, he is not "seeking admission" and may not be detained under Section 1225(b)(2)(A). This interpretation is consistent with the statutory definition of "admission" as "lawful entry" into the United States, *see* 8 U.S.C. § 1101(a)(13)(A), as an alien already present in the United States (such as petitioner) is not seeking "entry" into this country under the ordinary meaning of that word.  *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir.

2008) ("Under this statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status . . . ." (emphasis in original)), *quoted in Buenrostro-Mendez*, 166 F.4th at 511 (Douglas, J., dissenting).

Second, respondents argue that because petitioner was initially stopped upon arrival and then paroled into the United States, he remains an "arriving alien" under governing regulations, *see* 8 C.F.R. §§ 1.2, 1001.1(q); and they further argue that this Court has recognized that "arriving aliens" are treated as if detained at the border. Respondents have not cited any authority suggesting that an "arriving alien" who has been paroled into the United States should be deemed to be "seeking admission" for the purpose of applying Section 1225(b)(2)(A), however. Moreover, in this Court's opinion cited by respondents, the Court was merely quoting from another case in addressing a due process claim. *See de la Rosa Espinoza v. Guadian*, 2020 WL 3452967, at *6-8 (D. Kan. June 24, 2020) (Lungstrum, J.). The Court did not address in that case whether a parolee into the United States should be deemed to be "seeking admission" pursuant to Section 1225(b)(2)(A). Nor has the Court addressed that issue in any prior case. Respondents have not shown that the present case may be distinguished from *Galdamez Orellana*, which was decided solely under the statutes, in any material way; the Court therefore applies its reasoning from that case in the present action.

Petitioner seeks his release in the petition, but he has not offered any reason why requiring a bond hearing would not provide sufficient relief; nor has he addressed this Court's discussion of the issue in *Galdamez Orellana*, other than to argue that the Court

5

should follow its opinion in that case.  For the reasons stated in that case, *see Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a).  Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **May 4, 2026**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**.  Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **May 4, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

IT IS SO ORDERED.

Dated this 23rd day of April, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2]  Respondents have not argued or provided evidence that a hearing could not be conducted within this timeframe.  Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits.  Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.